IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2006 JUN 15 PM 12: 54

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Donald A. Miller, Jr., ) | |
| Plaintiff, ) | |
| v. ) | No. |
| Timothy J. O'Connor and Andrew M. Auersch, d/b/a O'Connor and Auersch, ) ) ) | 1:06-cv-0943-SEB-VSS |
| Defendants. ) | Jury Demanded |

### COMPLAINT

Plaintiff, Donald A. Miller, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.	This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.	Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants reside and transact business here.

### PARTIES

3.	Plaintiff, Donald A. Miller, Jr. ("Miller"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a loan on his then home to Green Tree Servicing, LLC.

4. Defendants, Timothy J. O'Connor and Andrew M. Auersch, d/b/a O'Connor & Auersch ("O&A"), are Indiana attorneys who act as debt collectors, as defined by § 1692a of the FDCPA, because they regularly use the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana, and were acting as debt collectors as to the delinquent consumer debt they attempted to collect from Mr. Miller.

## FACTUAL ALLEGATIONS

5. On September 30, 2005, the O&A Defendants filed a lawsuit against Mr. Miller and his former wife, in a matter styled Green Tree Servicing, LLC. v. Miller, et al., 54D01 0509 MF 00447 (Montgomery County, Indiana), that sought a judgment against him for a delinquent consumer mortgage loan.

6. On October 12, 2005, Mr. Miller filed a Chapter 7 bankruptcy petition in a matter styled In re: Donald A. Miller, Jr., S.D. Ind. Bankr. No. 05-26544-JKC-7. Among the debts listed on Schedule D of Mr. Miller's bankruptcy petition was the delinquent loan that he owed on his then home to Green Tree, see, excerpt of bankruptcy petition attached as Exhibit A. Accordingly, on October 26, 2005, Green Tree and the O&A Defendants were sent notice of Mr. Miller's bankruptcy by the court, see, Certificate of Service to Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, attached as Exhibit B.

7. On January 31, 2006, Mr. Miller received a discharge of his debts, and on February 2, 2006, Green Tree and Mr. Auersch were sent notice by the bankruptcy court of the discharge, see, Discharge of Debtor, attached as Exhibit C.

2

8. Thereafter, on March 23, 2006, the O&A Defendants filed a Notice of Dismissal to dismiss the state court lawsuit they had filed against Mr. Miller.

9. Nonetheless, on April 7, 2006, the O&A Defendants filed a motion to reinstate the state court lawsuit they had filed against Mr. Miller, a copy of which is attached as Exhibit D. Thereafter, the O&A Defendants had Mr. Miller served with an Alias Summons and Complaint, a copy of which is attached as Exhibit E. Despite Mr. Miller's bankruptcy discharge, the Complaint by the O&A Defendants still sought, not only an in rem judgment against Mr. Miller's home, but also an in personam judgment against Mr. Miller.

10. All of the O&A Defendants collection actions at issue in this matter occurred within one year of the date of this Complaint. Moreover, their statements are interpreted under the "unsophisticated consumer" standard. See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Making False, Deceptive Or Misleading Representations

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692e(2)(A).

3

13.     Defendants request for an in personam judgment against Mr. Miller in their lawsuit, is false, deceptive or misleading, in violation of § 1692e(2)(A) of the FDCPA, because they had no right to seek such a judgment. See, Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004).

14.     Defendants' violation of § 1692e(2)(A) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

15.     Plaintiff adopts and realleges ¶¶ 1-10.

16.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

17.     The O&A Defendants were given notice, through Mr. Miller's bankruptcy proceeding, that he was represented by an attorney in connection with his debts. By having Mr. Miller directly served with the Alias Summons and Complaint (Exhibit E), despite notice that he was represented by counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

18.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Donald A. Miller, Jr., prays that this Court:

1. Declare that Defendants' debt collection practices violate the FDCPA;

2. Enter judgment in favor of Donald A. Miller, Jr., and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Donald A. Miller, Jr., demands trial by jury.

Donald A. Miller, Jr.,

By: _____
One of Plaintiff's Attorneys

Dated: June 15, 2006

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Bonnie C. Dragotto (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert    (Ind. Bar No. 14254-02)
8650 N. Commerce Park Place
Suite N
Indianapolis, Indiana 46268
(317) 334-7090
(317) 802-6025 (FAX)

5